IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GERALD J. HILL, Inmate #34382-044,  )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )   Case No. 11-cv-317-MJR
                                    )
W.A. SHERROD, CAPTAIN COOPER,       )
COUNSELOR NUDECK, and               )
J. RARDIN,                          )
                                    )
            Defendants.             )

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Gerald J. Hill filed this action while he was an inmate in the United States Penitentiary at Marion, Illinois ("Marion"), seeking compensation for personal injuries he sustained while he was housed in the Federal Correctional Institution at Greenville, Illinois ("Greenville"). According to the electronic docket for Plaintiff's criminal case, he is now on supervised release after pleading guilty and serving a 60-month sentence for possession of a firearm in furtherance of a drug trafficking crime.[1]

On the complaint form used by Plaintiff, he was given the choice to label the *pro se* action either as a civil rights complaint under 42 U.S.C § 1983 against state defendants; a *Bivens* action against federal defendants (s*ee Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)); or "Other" (Doc. 1, p. 1). He checked both the § 1983 and *Bivens* choices, and added "Pendant Jurisdiction" in the "Other" category. The Clerk of Court labeled the action as a *Bivens* claim because Plaintiff was a federal inmate at the time of filing. However, the allegations in the complaint, as well as

---

[1] *United States v. Gerald J. Hill*, Case No. 07-cr-555-ERW-1 (E.D. Mo.) (Doc. 31, Aug. 11, 2011).

Plaintiff's exhibits, indicate that his intention was to bring an action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346, 2671-2680 (*See* Doc. 1, pp. 3, 6; Doc. 1-1, pp. 7-8).  Therefore, the Court shall review the complaint as an FTCA claim.

This Court granted Plaintiff's request for leave to proceed *in forma pauperis*, and his initial partial filing fee has been received.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Further, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds that Plaintiff's claim should receive further consideration.

### The Complaint

Plaintiff alleges that during his incarceration in Greenville, he was housed in an eight-man cell that was formerly a television room but had been converted into temporary living quarters. He claims that the policies of the Bureau of Prisons ("BOP") limit the use of these eight-man cells to temporary housing only. However, prison officials continued to use the unit for permanent housing of inmates, contrary to BOP policy and in spite of the lack of security measures such as video surveillance, adequate lighting or adequate supervision (Doc. 1, p. 6). Plaintiff claims that prison officials are aware that most prison assaults occur in these eight-man cells.

On May 19, 2010, Plaintiff was attacked by a fellow inmate and beaten with a metal device. Plaintiff lost his right eye, suffered multiple fractures to his face and has permanent damage as a result of the attack. He asserts that the assault and his injuries resulted from the negligence and lack of supervision by prison staff, and their failure to follow BOP policies.

Plaintiff seeks monetary compensation. He also requests immediate release from custody, a demand that now appears to be moot due to his supervised release status.

### Discussion

Federal prisoners may bring suit, pursuant to the FTCA, for injuries sustained through the negligent acts of prison officials. *Palay v. United States*, 349 F.3d

418, 425 (7th Cir. 2003) (discussing *United States v. Muniz*, 374 U.S. 150 (1963)). Such a claim may be brought for:

> [P]ersonal injury … caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Palay*, 349 F.3d at 425 (citing 28 U.S.C. § 1346(b)(1)).

Under Illinois law, a plaintiff states a claim for negligence if he alleges "facts establishing the existence of a duty of care owed by the defendants to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011). "Whether a duty is owed presents a question of law for the court to decide, while breach of duty and proximate cause present questions of fact for the jury to decide." *Id.* Plaintiff's complaint, liberally construed, states a negligence claim that at this stage of the litigation is not subject to dismissal.

Additionally, a plaintiff bringing an FTCA action must first present the claim to the federal agency responsible for the injury. *Palay*, 349 F.3d at 425. Under the act:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

Plaintiffs bringing claims under the FTCA generally show exhaustion by filing with their complaint a copy of the "final denial of claim" letter indicating that agency review has been completed and the individual may seek relief in court.  Here, Plaintiff has attached to his complaint the BOP Final Denial of Claim letter dated February 18, 2011 (Doc. 1-1, p. 8), indicating that the BOP administrative review had been completed and informing Plaintiff of his right to sue.  As such, Plaintiff shall be allowed to proceed on his FTCA claim.

Plaintiff has named Greenville Warden W.A. Sherrod and three other Greenville officers as Defendants.  However, in an action under the FTCA, the United States of America is the only proper Defendant.  See 28 U.S.C. § 2679(b); *FDIC v. Meyer*, 510 U.S. 471 (1994).  Therefore, the Court shall make the appropriate substitution of parties.

**Disposition**

**IT IS HEREBY ORDERED** that the United States of America is **SUBSTITUTED** as the Defendant in this action, and Defendants **W.A. SHERROD, CAPTAIN COOPER, MR. NUDECK** and **J. RARDIN** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that in all future filings, the title of this case shall be *Gerald J. Hill, Plaintiff vs. United States of America, Defendant.*

The Clerk of Court is **DIRECTED** to correct the classification of this case in the electronic docket to reflect that it is a FTCA claim.

The Clerk of Court is further **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons.  Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall

(1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney.  Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings. This entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**I**f judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1)

Plaintiff is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 3/9/2012**

s/ **MICHAEL J. REAGAN**  
**MICHAEL J. REAGAN**  
**United States District Judge**