**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **GERALD J. HILL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 11−cv−0317−MJR−SCW** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT & RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Court Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). Defendant has moved for dismissal for lack of prosecution. For the reasons below, it is **RECOMMENDED** that Defendant's motion (Dkt. 18) be **GRANTED**, and that the case be **DISMISSED**.

### BACKGROUND

In April 2011, Plaintiff Gerald Hill filed this action (which District Judge Reagan classified as a Federal Tort Claims Act (FTCA) suit pursuant to 28 U.S.C. § 1346, 2671–2680) against four prison officials at FCI Greenville, a federal prison in Illinois. (Dkt. 1). After a preliminary review of Hill's complaint, and pursuant to 28 U.S.C. § 1915A, Judge Reagan dismissed the four individual defendants and substituted in the United States of America, the only proper defendant under the FTCA. (Dkt. 7). In the threshold order, Judge Reagan advised Hill that he is "under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. . . . Failure to comply . . . may result in dismissal of this action for want of prosecution." **See FED. R. CIV. P. 41(b).** **See also SDIL-LR 3.1(b) ("All . . . plaintiffs are under a continuing obligation to keep**

the Clerk of Court and each opposing party informed of any change in his or her location. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.").

On June 6 and June 13, 2012, mail marked undeliverable — mail which had been sent to Mr. Hill to keep him apprised of his case — was returned to the Court from Mr. Hill's address.  The Court set a hearing for June 28, 2012, so Mr. Hill could show cause why his case should not be dismissed for failure to prosecute.  Notice of the hearing was sent to Mr. Hill on June 14.  Defendant subsequently filed a written motion (Dkt. 18) to dismiss Hill's case for failure to prosecute.

At the show cause hearing in the East St. Louis Courthouse, Mr. Hill failed to appear.  The courtroom security officer scoured the courthouse for Mr. Hill, who could not be found.

## ANALYSIS

Federal Rule of Civil Procedure 16(f) permits sua sponte sanctions (including those authorized by Federal Rule 37(b)(2)(A)(ii)–(vii)) against a party who fails to appear at a pre-trial conference. Fed. R. Civ. P. 16(f)(1)(A).  Rule 37(b) authorizes dismissal, which the Seventh Circuit has called a "feeble sanction" if it is without prejudice.  **Lucien v. Breweur, 9 F.3d 26, 28 (7th Cir. 1993); FED. R. CIV. P. 37(b)(2)(A)(v).**  Dismissal can also be effectuated via Federal Rule 41(b), which states the general principle that failure to prosecute a case should be punished by dismissal with prejudice.  **Lucien, 9 F.3d at 29.  Accord James v. McDonald's Corp., 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b), a "district court has the authority . . . to [dismiss a case] for lack of prosecution.").**

Here, Hill's case should be dismissed for his failure to prosecute.  Hill was under a continuing obligation to keep the Court informed of his whereabouts.  He has previously fulfilled

that obligation, when he informed the Court of his placement in a halfway house in St. Louis, Missouri (from whence the Court-mailed documents were returned as undeliverable).  (Dkt. 6).  But he has apparently stopped living at that halfway house, and has not informed the Court of his new address.  He has failed to fulfill his obligation.  Moreover, he had explicit warnings that dismissal was a possible consequence of his failing to notify the Court of his whereabouts, and of failing to appear at the June 28 hearing.  ***See Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) (holding "there must be an explicit warning before the case is dismissed" for failure to prosecute).** The Court finds that dismissal with prejudice is warranted under Federal Rules 16(f) and 41(b).  ***See Lucien*, 66 F.3d at 29 ("The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same.").**

### CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** that Defendant's Motion to Dismiss (Dkt. 18) be **GRANTED**, and that Plaintiff's Complaint (Dkt. 1) be **DISMISSED** with prejudice for his failure to appear at the June 28, 2012 show cause hearing and for failure to diligently prosecute his case.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation within **fourteen (14) days** of being served with a copy.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004)**.  Accordingly, <u>objections to this</u> <u>Report and Recommendation must be filed on or before July 16, 2012.</u>

**IT IS SO RECOMMENDED.**
**DATE:** <u>June 29, 2012</u>                                    <u>/s/ *Stephen C. Williams*</u>
                                                                           **STEPHEN C. WILLIAMS**
                                                                           United States Magistrate Judge